IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL MARK DE LA O JR.,

    Plaintiff,

v.                                                        No. 2:21-cv-00801-KRS

FOOD & DRUG ADMINISTRATION and
CENTERS FOR DISEASE CONTROL,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS,
DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND
ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 20, 2021 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed August 20, 2021 ("Application"), and Plaintiff's Motion for Appointment of Counsel, Doc. 5, filed August 20, 2021.

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." See *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) his average monthly income amount during the past 12 months was $730.00; (ii) his monthly expenses total $535.00; (iii) he has no cash and $300.00 in a bank account; and (iv) he has been paying legal costs with other lawsuits. The Court grants Plaintiff's Application because he signed an affidavit declaring that he is unable to pay the costs of these proceedings and because of his low monthly income.

**The Complaint**

Plaintiff states:

The Food & Drug Administration (FDA), and all individuals &/or associates and/or affiliates &/or subsidiaries &/or establishments are guilty of the following crimes including and not limited to: accomplice to murder in the 1st degree, accomplices to genocide liability, complicity in genocide, reckless endangerment, false advertisement, inciting suicide, air pollution, public endangerment and/or willfully poisoning (me) America!
....

The FDA & CDC is guilty of inflicting on my mental health over the years as they continuously promote products of which claim to be healthy for you when in reality they are putting in or allowing ingredients or chemicals of which cause illnesses (cancer, diabetes).

> ....
>
> The FDA & CDC have been continuously been promoting or supporting ideas of inocculations (vaccinations) for COVID-19 (corona virus) of which have all proven inefficient, faulty, or ineffective ... the FDA & CDC have been willfully poisoning me by supporting or allowing harmful chemicals or ingredients to be added to several food products of which cause other illnesses.
> ....
>
> the FDA & CDC as well as several other establishments have been invading my privacy.

Complaint at 2-4.

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.  Allegations that a defendant is "promoting" a product or vaccinations and or that a defendant invaded Plaintiff's privacy, without more, are insufficient to state a claim.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Furthermore, the Complaint does not contain a short and plain statement of the grounds for the court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Complaint fails to state a claim upon which relief may be granted.  The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Motion to Appoint Counsel**

Plaintiff asks the Court to appoint counsel because "I am a pro se litigant suing a large scale agency (FDA & CDC) and "I am on social security & limited on income." Motion to Appoint Counsel at 1.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). "Factors to be considered in deciding whether to appoint counsel [in a civil case] include the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the complexity of the legal issues raised by the claims." *Spencer v. City of Cheyenne*, 1 Fed.Appx. 863, 865 (10th Cir. 2001). When a Plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

The statute governing proceedings *in forma pauperis* provides that the "court *may* request an attorney to represent any person unable to afford counsel," but does not provide any mechanism, process, or funds to pay appointed counsel. 28 U.S.C. § 1915(e)(1) (emphasis added). The Court cannot *require* an unwilling attorney to represent an indigent litigant in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 296 (1989).

The Court denies Plaintiff's motion to appoint counsel. As discussed above, Plaintiff's Complaint should be dismissed for failure to state a claim. While the Court is ordering Plaintiff leave to file an amended complaint, it is not clear what claims will be asserted in the amended complaint. Furthermore, Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case. The Court refers Plaintiff to the

District of New Mexico's Guide for Pro Se Litigants (November 2019) which, on page 6, lists resources for legal representation.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed August 20, 2021, is **GRANTED.**

(ii) Plaintiff's Motion for Appointment of Counsel, Doc. 5, filed August 20, 2021, is **DENIED.**

(iii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE